UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SAUL HOLDINGS LIMITED
PARTNERSHIP,

    Plaintiff,

    v.

SERACARE LIFE SCIENCES, INC.,

    Defendant.

Civil Action No. TDC-14-1444

**MEMORANDUM ORDER**

Presently pending before the Court is a Motion for Reconsideration, ECF No. 33, filed by Plaintiff Saul Holdings Limited Partnership ("Saul") pursuant to Federal Rule of Civil Procedure 54(b), in which Saul requests that the Court reconsider its Order denying in part Saul's Motion for Judgment on the Pleadings as to its Complaint for Declaratory Relief. Specifically, Saul seeks reconsideration of the Court's decision to decline to determine whether Defendant SeraCare Life Sciences, Inc. ("SeraCare") is required to fulfill the remaining obligations under a commercial lease to occupy property owned by Saul ("the Lease") until the resolution of the question "whether SeraCare is entitled to equitable relief due to an honest mistake in interpreting the notice deadline" in the Lease. Mem. Op. at 14, ECF No. 31.

Rule 54(b) provides that any action "that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); *see Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991). Motions to reconsider interlocutory orders under Rule 54(b) are generally not held to the strict standards of Rule 59(e) and 60(b), which apply only to motions to reconsider final

judgments. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Although the precise standard for Rule 54(b) motions is unclear, when deciding such a motion, "[t]he ultimate responsibility . . . is to reach the correct judgment under the law." *Id.* at 515.

Saul's argument for reconsideration is that Maryland case law never presented to the Court during the original briefing and hearing on the Motion for Judgment on the Pleadings, specifically, *Creamer v. Helferstay*, 448 A.2d 332 (Md. 1982), is controlling authority on the issue whether equitable relief might be available to SeraCare. Specifically, Saul focuses on language in *Creamer* stating that, "in the absence of intentional, culpable conduct such as fraud or duress, [the Court of Appeals of Maryland] has consistently refused to relieve a party of his contractual obligations based upon that party's unilateral mistake concerning the meaning of a term or requirement of the contract." *Id.* at 341. The *Creamer* court also stated:

> The rule precluding relief based upon unilateral mistake, absent intentional, culpable conduct by the nonmistaken party, has often been applied in situations such as the instant case, where the alleged mistake relates to the meaning of a term of the contract.

*Id.* at 340.

Relying on that language, Saul argues that *Creamer* precludes SeraCare from receiving equitable relief for an honest mistake in interpreting the notice provision deadline. *See* Pl.'s Mot. Reconsideration at 2, ECF No. 31. This argument fails for several reasons. First, the court in *Creamer* addressed whether a unilateral mistake could justify a specific remedy: rescission of the contract. In its most lucid statement of the "general rule in Maryland," the *Creamer* court stated that, "absent intentional, culpable conduct, such as fraud, duress, or undue influence, a contract ordinarily will not be rescinded for unilateral mistake." *Creamer*, 448 A.2d at 344. In that case, the court ruled that a party that had signed a settlement agreement providing that the parties would engage in "good faith" negotiations was not entitled to rescission of the agreement

because of mistaken reliance on an oral representation that it interpreted to be an understanding that the other party was committing to offer between $275,000 and $550,000. *Id.* at 338, 344. In the present case, SeraCare does not seek rescission of the Lease; instead, it seeks equitable relief from a deadline to exercise a lease option that was arguably difficult to discern from the language of the lease amendment. Def.'s Resp. to Pl.'s Mot. Judgment Pldgs, at 12 & n.5, ECF No. 19. Moreover, unlike in *Creamer*, this case does not involve a mistake arising from an interpretation of parol evidence. *See Creamer*, 448 A.2d at 338-39. Of the other cases cited by the *Creamer* court and referenced by Saul in its Motion, *see* Pl.'s Mot. Reconsideration at 3, several also involve mistakes traceable to parol evidence. *See, e.g.*, *Glass v. Doctors Hosp.*, 131 A.2d 254, 261–62 (Md. 1957); *Ray v. Eurice*, 93 A.2d 272, 278 (Md. 1952). None address conditions for the exercise of a lease option. *Creamer*, 448 A.2d at 340-41. Thus, *Creamer* and its related cases are distinguishable on multiple grounds.

Second, consideration of subsequent Maryland case law reveals that these distinguishing factors are not immaterial. In the Maryland Court of Appeals cases addressing the specific situation at issue in this case, whether a lessee should be held strictly to the requirements for exercising a lease option, the court did not adhere to the strict rule in *Creamer*. In *Beckenheimer's, Inc. v. Alameda Associates Limited Partnership*, 611 A.2d 105 (Md. 1992), the Maryland Court of Appeals concluded that equitable relief can be available to excuse the mistaken failure to comply with certain requirements relating to the exercise of an option, depending on the nature of the requirement. *See id.* at 113–14; *see also Elderkin v. Carroll*, 941 A.2d 1127, 1134–35 (Md. 2008) (noting exceptions to the general rule that an option holder must literally match all terms in order to exercise its right). Because such a rule is incompatible with the cited language in *Creamer*, it is apparent that the Maryland Court of Appeals views the

exercise of an option in a lease as a scenario distinct from rescission of a contract. Notably, *Beckenheimer's* and *Elderkin*, the leading cases on whether equitable relief is available to excuse the failure to meet all conditions for exercising a lease option, do not reference *Creamer* at all, further indicating that the Maryland Court of Appeals does not consider *Creamer* to be controlling on this issue.

Third, *Creamer* itself identifies at least one exception to the general rule that rescission based on a unilateral mistake is available only upon a showing of intentional, culpable conduct. The court noted that rescission could be available based on a clerical error, such as when a bid was submitted with an incorrect figure and "the party not in error should have suspected the existence of a mistake." *Creamer*, 448 A.2d at 343 (discussing *Baltimore v. DeLuca-Davis Constr. Co.*, 124 A.2d 557, 562–66 (Md. 1956)). Although a factually different situation, this example reveals that *Creamer* should not be read as establishing an inflexible rule applicable to all scenarios. *See Creamer*, 448 A.2d at 344 ("[A] contract *ordinarily* will not be rescinded for unilateral mistake." (emphasis added)). Moreover, it is noteworthy that the court in *Chesapeake Bank of Maryland v. Monro Muffler/Brake, Inc.*, 891 A.2d 384 (Md. Ct. Spec. App. 2006), in the context of a lease option renewal, adopted a rule that arguably contradicts the holding in *DeLuca-Davis* by concluding that equitable relief is *not* available for missing a lease renewal deadline because of a clerical error in recording the deadline. *Id.* at 400. This divergence again illustrates that Maryland courts do not necessarily treat claims for rescission of a contract based on mistake in the same manner as claims for relief from strict compliance with requirements for the exercise of a lease option.

Thus, in ruling on the Motion for Judgment on the Pleadings, the Court correctly focused on case law applicable to the specific situation of failure to comply with all requirements to

4

exercise a lease option, including *Elderkin*, *Beckenheimer's*, *Chesapeake Bank*, and persuasive authority such as *Duncan v. G.E.W., Inc.*, 526 A.2d 1357, 1365 (D.C. 1987). For the reasons discussed above, consideration of *Creamer* does not provide a basis to alter the Court's analysis that Maryland law does not preclude the possibility of equitable relief based on a mistaken interpretation of a requirement for exercising a lease option. *See* Mem. Op. at 11–14. Accordingly, the Motion for Reconsideration is DENIED.


Date: February 23, 2015                               /s/
                                        THEODORE D. CHUANG
                                        United States District Judge